GARY M. RESTAINO
United States Attorney
District of Arizona
JAVIER TORRES
Assistant U.S. Attorney
Arizona State Bar No. 032397
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone:  (602) 514-7500
Civil Fax:  (602) 514-7760
Main Fax: (602) 514-7693
Email: Javier.Torres@usdoj.gov

*Attorneys for United States of America*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Megan Sweeney,<br><br>          Plaintiff,<br><br>      v.<br><br>Marnie A. Kulbeth,<br><br>          Defendant. | **NOTICE OF REMOVAL** |

Defendant United States of America hereby gives notice of the removal of *Megan Sweeney v. Marnie A. Kulbeth*, Maricopa County Superior Court Case No. FN2024-050866, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §1442(a)(1) and 1446. The United States removes this matter for the following reasons:

1.      On or about May 14, 2024, Plaintiff Megan Sweeney commenced this action in the Maricopa County Superior Court by filing a Petition for Order of Protection ("Petition") naming Marnie Kulbeth, a co-worker at the Phoenix VA Medical Center, as defendant. That action was assigned case number FN2024-050866. Pursuant to LRCiv. 3.6(a), copies of all pleadings and other documents filed with the Maricopa County Superior Court in case number FN2024-040866 are attached as Attachments 1 through 10.

2.      Plaintiff and Defendant are both employees at the Phoenix VA Medical

Center located at 650 E. Indian School Road, in Phoenix, Arizona. Plaintiff alleges the parties previously lived together in an intimate relationship, and that from June 28, 2021 through October 2023, Defendant engaged in various forms of physical abuse and harassment. *See* Attachment 1 at 1-2 ("Ongoing physical, emotional, defamatory, bullying abuse towards plaintiff in the . . . workplace," "Threats to make accusations in the workplace," "Ongoing attempts for contact at work, forced conversations, and threats when plaintiff refused requested meetings or outside engagements," "Slanderous accusations of unfit for duty at the workplace and to friends[.]")

3.     The Petition sought an order requiring Defendant to stay away from Plaintiff, her children, and her children's father, and from Plaintiff's residence, her children's school, and the Phoenix VA Medical Center, and requested "[r]estricted communication at work (the Phoenix VAMC)[.]" Attachment 3 at 2. On May 17, 2024, the Superior Court entered an order of protection enjoining Defendant from going near Plaintiff's residence and enjoining Defendant from "hav[ing] contact or communication with Plaintiff, including but not limited to while at work[.]"Attachment 3 at 9. On May 24, 2024, Plaintiff filed a Request to Modify Order seeking to modify the protective order "to expressly state[ ] that we are not to work at the same time at the Phoenix VAMC [VA Medical Center] Main Campus." Attachment 3 at 6. On May 31, 2024, the Superior Court granted an Amended Order of Protection that restrains Defendant from entering the Phoenix VA Medical Center if Plaintiff is present but permits Defendant to be at the workplace at all other times. Attachment 3 at 8. Defendant requested a hearing in the Superior Court to contest the order of protection. *See* Attachment 9 at 3. The hearing is set for July 5, 2024 (Attachment 9 at 4), although Defendant's privately retained counsel has requested that it be reset to the following week (Attachment 9 at 5).

4.     A civil action commenced in a State court against the United States, any agency thereof, or any officer of the United States (or any person acting under that officer), in an official or individual capacity, for or relating to any act under color of such office may be removed to the district court of the United States for the district where it is pending.

28 U.S.C. §1442(a)(1). Plaintiff brought this civil action against Defendant, who is an officer, or a person acting under an officer, of the United States. Many of Plaintiff's allegations in the Petition and the Request to Modify Order relate to Defendant's "abuse/harassment" of Plaintiff while at work. Removal is appropriate where the Defendant's conduct arose within the scope of federal duties and there is an allegation of a colorable federal defense. *Mesa v. California*, 489 U.S. 121, 129 (1989).

5.     To the extent Plaintiff seeks an order enjoining the VA from scheduling Plaintiff and Defendant to work at the Phoenix VA Medical Center at the same time and/or retraining Defendant from entering the federal workplace while Plaintiff is present, the United States asserts the defense of sovereign immunity. The United States, absent its consent, enjoys sovereign immunity from suit in state courts. *Minnesota v. United States*, 305 U.S. 382, 387 (1939); *Kansas v. United States*, 204 U.S. 331, 342 (1907). Sovereign immunity shields the United States and its officers from suit unless an express congressional waiver of that immunity applies. *See Fed. Bureau of Investigation v. Super. Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007); *Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Army & Airforce Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982). An action seeking a judgment that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the United States. *State of Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094 (citing *Udall*, 417 F.2d at 1313-14); *see also Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) ("[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office.").

6.     The Maricopa County Superior Court's Amended Order of Protection enjoins Defendant's actions and movements at work by, *inter alia*, ordering Defendant not to go to the Phoenix VA Medical Center when Plaintiff is present and to not have any

contact or communication with Plaintiff while at work. Attachment __ at 2. By extension, the injunction necessarily restricts the VA's daily operations at the Phoenix VA Medical Center, where Plaintiff and Defendant are employed. *Id.*

7.     Federal employees "enjoy absolute immunity for torts committed while acting within the scope of their employment." *Simpkins v. Shalala*, 999 F. Supp. 106, 119 (D.D.C. 1998) (citing 28 U.S.C. § 2679). The common law torts alleged in the Petition to have been committed by Defendant at the workplace include false imprisonment, assault and/or battery, and defamation. Plaintiff's "sole remedy is against the government and his cause of action must be sanctioned by the F[ederal] T[ort] C[laims] A[ct] or a similar statute waiving sovereign immunity." *Simpkins*, 999 F. Supp. at 119. Plaintiff cannot plead around the Federal Tort Claims Act and the Government's sovereign immunity by merely advancing a request for injunctive relief. "[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

8.     In addition to the colorable federal defenses set forth above, the United States has not been properly served in this matter as Rule 4(i)(2) of the Federal Rules of Civil Procedure requires.

9.     A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, will be filed in the Maricopa County Superior Court. See LRCiv. 3.6. A copy of these documents will be mailed to Plaintiff and to Defendant's counsel.

10.     Pursuant to LRCiv. 3.6, this Notice includes the following attachments:

(1)     Supplemental Cover Sheet

(2)     Most recent superior court docket

(3)     Operative complaint

(4)     Service Documents

(5)     Answer (No answer has yet been filed)

(6)     Court orders dismissing or terminating parties (None)

(7)     Notices of appearance

(8)     Pending motions (None)

(9)     Remainder of the Maricopa County Superior Court record

(10)    Verification

11.     For the foregoing reasons, the United States of America, gives this notice of the removal of this matter from Maricopa County Superior Court to the United States District Court for the District of Arizona insofar as Plaintiff seeks an order enjoining the operation of the Phoenix VA Medical Center.

RESPECTFULLY SUBMITTED July 3, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Javier Torres*
JAVIER TORRES
Assistant United States Attorney
*Attorneys for the United States*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 3, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Brian J. Foster
Foster Law Partners
4402 N. 36th St., Ste. 127
Phoenix, AZ  85018

*/s/ Mary Simeonoff*
United States Attorney's Office