**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Sweeney, | No. CV-24-01647-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Marnie A Kulbeth, | |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on United States of America's ("United States" or the "Government") Motion to Dismiss (Doc. 19), which Defendant Marnie Kulbeth ("Defendant" or "Defendant Kulbeth") joined (Doc. 21).  Plaintiff Megan Sweeney ("Plaintiff" or "Plaintiff Sweeney") responded (Doc. 23).  The United States and Defendant Kulbeth replied (Docs. 24, 25).  The motion to dismiss is fully briefed, and the matter is in full consent to proceed before a United States Magistrate Judge (Docs. 9, 16, 17).  The Court has carefully reviewed the record in this matter, including all the parties' briefing regarding the pending motion to dismiss, and the matter is ripe for the Court to rule.

## II.   PROCEDURAL AND LEGAL POSTURE

This action regards an amended order of protection entered by the Maricopa County Superior Court (or "Superior Court") in case number FN2024-050866 on May 31, 2024, against Defendant Kulbeth (Doc. 1-4 at 8-9).  Plaintiff Sweeney and Defendant Kulbeth are co-workers at the Phoenix VA Medical Center ("Phoenix VAMC") (Doc. 1 at 1-2; Doc.

1-4 at 6-7). The May 31, 2024, amended order of protection includes orders enjoining Defendant Kulbeth (1) from having contact with Plaintiff Sweeney at the Phoenix VAMC except through attorneys, legal process, and court hearings, and (2) from entering the Phoenix VAMC if Plaintiff is present (Doc. 1-4 at 8-9). Defendant Kulbeth requested a hearing in the Maricopa County Superior Court regarding the amended order of protection due to Defendant Kulbeth and Plaintiff Sweeney sharing an employment site at the Phoenix VAMC; the Superior Court set a hearing (Doc. 1-10 at 3-6).

On July 3, 2024, before the set hearing in the Superior Court, the United States removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides removal of an action to federal court if the defendant is an "officer (or any person acting under that officer) of the United States" and the action "relat[es] to any act under color of such office,"[1] and pursuant to 28 U.S.C. § 1446, which governs procedure for removal of civil actions to federal court (Doc. 1).

In the Notice of Removal, the United States asserted that, "[r]emoval is appropriate where the Defendant's conduct arose within the scope of federal duties and there is an allegation of a colorable federal defense. *Mesa v. California*, 489 U.S. 121, 129 (1989)" (*Id.* at 3). The United States, through the United States Attorney's Office for the District of Arizona, further averred in its Notice of Removal to this Court that:

> [t]o the extent Plaintiff seeks an order enjoining the VA from scheduling Plaintiff and Defendant to work at the Phoenix VA Medical Center at the same time and/or retraining [*sic*] Defendant from entering the federal workplace while Plaintiff is present, the United States asserts the defense of sovereign immunity. The United States, absent its consent, enjoys sovereign immunity from suit in state courts. *Minnesota v. United States*, 305 U.S. 382,

---

[1] The primary "purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference[,]" and § 1442(a) "serves to overcome the 'well-pleaded complaint' rule that would otherwise preclude removal even if a federal defense is asserted." *Weis v. DSM Copolymer, Inc.*, 160 F. Supp. 3d 954, 962 (M.D. La. 2016) (citing *Mesa v. California*, 489 U.S. 121, 126, 136 (1989)); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (explaining that the "right of removal is absolute for conduct performed under color of federal office, and ... the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)'" (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

387 (1939); *Kansas v. United States*, 204 U.S. 331, 342 (1907). Sovereign immunity shields the United States and its officers from suit unless an express congressional waiver of that immunity applies. *See Fed. Bureau of Investigation v. Super. Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007); *Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Army & Airforce Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982). An action seeking a judgment that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the United States. *State of Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094 (citing *Udall*, 417 F.2d at 1313-14; *see also Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) ("[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office.").

(*Id.*). The United States reported that insofar as the amended order of protection enjoins Defendant Kulbeth's actions and movements at work by, inter alia, ordering Defendant Kulbeth not to go to the Phoenix VAMC when Plaintiff Sweeney is present and to not have any contact or communication with Plaintiff Sweeney while at work, the amended order of protection restricts the daily operations of the Phoenix VAMC (*Id.* at 3-4).

The pending motion to dismiss (Doc. 19) filed by Movant United States and joined by Defendant Kulbeth (Doc. 21):

seeks dismissal of the amended order of protection insofar as it restrains Defendant [Kulbeth]'s presence and actions at the Phoenix VAMC because the United States has not waived its sovereign immunity for claims to enjoin federal employees in the federal workplace and because the amended order of protection is barred by the derivative jurisdiction doctrine. *See In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. In short, if the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none.").

(Doc. 19 at 1-2). Upon this Court dismissing or dissolving the amended order of protection to the extent it enjoins or restricts Defendant Kulbeth's presence, conduct, and communications at the Phoenix VAMC, the United States also requests that the "remainder

of the action, which relates to non-workplace conduct, should be remanded to the Superior Court" (*Id.* at 9). Defendant Kulbeth's joinder in the motion also requests that the remainder of the matter, not relating to restraint of Defendant Kulbeth's conduct and presence at the Phoenix VAMC, be remanded back to the Superior Court (Doc. 21; *see also* Doc. 25). In response to the United States and Defendant Kulbeth,[2] Plaintiff asks the Court to "compel the United States to waive its sovereign immunity" in this case (Doc. 23).

The motion to dismiss is fully briefed (Docs. 19, 21, 23, 24, 25), and this matter is in full consent to proceed before a United States Magistrate Judge (Docs. 9, 16, 17).

## II.    RULINGS

After careful review of the record, including the parties' arguments regarding the motion to dismiss, the Court finds the removal to this Court was proper, will grant the motion to dismiss, will vacate the Maricopa County Superior Court's amended order of protection as set forth herein (regarding provisions that restrict communications, conduct, and presence of Defendant Kulbeth at the Phoenix VAMC and regarding provisions that restrict the daily operations of the Phoenix VAMC), and will remand the remainder of the amended order of protection (regarding provisions that restrict conduct, communications, and presence of Defendant Kulbeth in places other than the Phoenix VAMC and that do not restrict the daily operations of the Phoenix VAMC) to the Maricopa County Superior Court.

### A.    Summary of Applicable Law

Federal courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the

---

[2] The Court appropriately warned Plaintiff regarding the requirements to respond to the motion to dismiss and joinder thereto (Docs. 20, 22).

action.  *See* Fed. R. Civ. P. 12(b)(1).

Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of establishing subject matter jurisdiction.  *See Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  To establish jurisdiction over claims brought against the United States and its employees, the plaintiff must demonstrate both "statutory authority granting subject matter jurisdiction" over the claims and "a waiver of sovereign immunity." *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1357 (9th Cir. 1993) (citation omitted).  The United States is immune from suit except when it consents to be sued. *United States v. Dalm,* 494 U.S. 596, 608 (1990).  Any waiver of sovereign immunity must be "unequivocally expressed in the statutory text[,] . . . strictly construed in favor of the United States, and not enlarged beyond what the language of the statute requires." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6-7 (1993) (internal citations and quotations omitted).  Unless the plaintiff "satisfies the burden of establishing that [the] action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).  In other words, sovereign immunity acts as a jurisdictional bar; absent an unequivocal statutory waiver of sovereign immunity, courts lack jurisdiction to entertain a suit against the United States.  *See United States v. Sherwood*, 312 U.S. 584, 586-88 (1941).

Sovereign immunity shields from suit not just the United States, but also United States officers, unless an express congressional waiver of that immunity applies.  *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094 (citing *Block*, 461 U.S. at 287; *Army*, 456 U.S. at 734).  An action seeking an order that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the United States.  *See Udall*, 417 F.2d at 1315 (quoting *Dugan*, 372 U.S. at 620).  "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1094 (citing *Udall*, 417 F.2d at 1313–14); *see also Hendy*, 555 F. App'x at 226 ("[O]fficers

acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "'suit against the official's office.'" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

In addition, "the Supremacy Clause was designed to ensure that states do not 'retard, impede, burden, or in any manner control' the execution of federal law." *Denson v. United States*, 574 F.3d 1318, 1345 (11th Cir. 2009) (quoting *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436 (1819); *see also Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 211 (1824). An "officer of the United States cannot be held in violation of state law while simultaneously executing his duties as prescribed by federal law." *Denson*, 574 F.3d at 1347 (11th Cir. 2009) (citing *Johnson v. Maryland*, 254 U.S. 51, 56–57 (1920)). "[T]he obligations imposed by federal law are supreme, and where any supposed right or claim under state law would impede an officer from performing his duties, it must relent." *Id.* Thus, the Supremacy Clause precludes state courts from enforcing orders that interfere with the performance of federal officers. *Id.* at 1345–46.

## B. Discussion

As a threshold matter, the Government properly removed this action under 28 U.S.C. § 1442(a)(1), and no timely motion to remand has been filed.[3]  The removal to this Court and the motion before the Court relate to directives by a state court, the Maricopa County Superior Court, in the May 31, 2024, amended order of protection that restrict the daily operations of the Phoenix VAMC given that Plaintiff and Defendant both share the Phoenix VAMC as a workplace.  There is no dispute that the portion of the amended order of protection at issue restricts Defendant Kulbeth's presence and conduct in the workplace, and, thus, the operations of the Phoenix VAMC where both Plaintiff Sweeney and Defendant Kulbeth work.  The May 31, 2024, amended order of protection includes orders enjoining Defendant Kulbeth (1) from having contact with Plaintiff Sweeney at the Phoenix VAMC except through attorneys, legal process, and court hearings, and (2) from

---

[3] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

entering the Phoenix VAMC if Plaintiff is present (Doc. 1-4 at 8-9).  As correctly explained in the United States' Motion to Dismiss (Doc. 19 at 4-7), although the United States is not a named party, the United States is a party to this action.  The United States is a party to this action because the amended order of protection restraining Defendant Kulbeth's presence and conduct at the Phoenix VAMC restrains the Department of Veterans Affairs from acting and/or otherwise compels it to act and is therefore a suit against the United States.

Importantly, the doctrine of derivative jurisdiction applies to cases removed pursuant to § 1442(a).  *See In re Elko Cty. Grand Jury v. Siminoe*, 109 F.3d 554, 555 (9th Cir. 1997); *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1092.  According to this doctrine, "a federal court [is] without jurisdiction over a suit removed to it from state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally." *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987); *see also Elko Cty.*, 109 F.3d at 555. "Thus, if the state court lacks jurisdiction over a given matter, the case is a nullity when filed and a fortiori, the district court acquired no subject matter jurisdiction over those claims upon removal." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1090 (internal quotation marks omitted).  Because this Court's jurisdiction is wholly derived from that of the Superior Court, it must quash the amended order of protection unless the Superior Court was authorized to issue the amended order of protection.  *See Id.* at 1092.

The Maricopa County Superior Court lacked jurisdiction to impose terms in the amended order of protection restricting Defendant Kulbeth's presence and conduct (including communications, statements, and activities) in the workplace, and, thus, the operations of the Phoenix VAMC due to federal sovereign immunity.  Similarly, enforcement of such amended order of protection terms by Superior Court violates the Supremacy Clause.  All provisions of the amended order of protection that restrict conduct or presence of Defendant Kulbeth at the Phoenix VAMC and all provisions of the amended order of protection that restrict the daily operations of the Phoenix VAMC violate federal

sovereign immunity; any enforcement of such provisions by the Superior Court violates the Supremacy Clause.  As recently explained by a District Court in the Northern District of California:

> Numerous courts have found requests for civil restraining orders against federal employees to be barred by sovereign immunity when the employees are acting in the scope of their employment and the restraining orders would restrict their activities in the workplace.  *See Guancione v. Espinoza*, Case No. 23-cv-01935-BLF, 2023 WL 4551073, at *4-5 (N.D. Cal. July 14, 2023) (holding sovereign immunity barred suit and dissolving stay away order against federal marshal where marshal was executing court-ordered real estate foreclosure and judicial sale of property); *Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021) (dismissing case based on sovereign immunity and dissolving civil harassment restraining order against federal employee where the plaintiff claimed harassment in the workplace because the "TRO interferes with Defendant's ability to perform his job as a federal employee"), appeal dismissed, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *see also Sherill v. Van Cleave*, No. CV-22-01274-PHX-DGC, 2022 WL 14644390, at *4-5 (D. Ariz. Oct. 25, 2022) ("To the extent the injunction restrains Van Cleave from having contact with Sherrill at the federal workplace and going to the workplace, the Court agrees with the United States that the injunction is barred by sovereign immunity."); *Clark v. United States*, Case No. C21-507 MJP, 2021 WL 3129623, at *2 (W.D. Wash. July 23, 2021) (where parties were co-workers at federal agency, dismissing case based on sovereign immunity because "[t]he petition does not identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace"); *Figueroa v. Baca*, Case No. ED CV 17–1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (where parties were civilian employees at Fort Irwin Army Garrison, dissolving portion of a TRO that applied to workplace and remanding remainder of case to state court). The Court agrees with the reasoning of these courts, and finds that [Plaintiff]'s requests for civil restraining orders are barred by sovereign immunity.

*Coelho v. Chalas*, No. 23-CV-04525-SI, 2024 WL 150586, at *3 (N.D. Cal. Jan. 12, 2024). The United States is correct that in Plaintiff Sweeney's response, Plaintiff Sweeney "cites nothing that would serve as a waiver of the United States' sovereign immunity, but rather argues that the Court should compel the United States to waive its sovereign immunity on

- 8 -

1    equitable grounds—something the Court simply cannot do" (Doc. 24 at 2).  Thus, the Court

2    will vacate the May 31, 2024, amended order of protection in Maricopa County Superior

3    Court case number FN2024-050866 insofar as the terms of the amended order of protection

4    restrain Defendant Kulbeth's presence, conduct, and/or communications at the Phoenix

5    VAMC.

6            In addition to the terms violative of sovereign immunity, enforcement of which are

7    violative of the Supremacy Clause, the amended order of protection also contains conduct

8    and stay-away provisions that apply entirely outside of the federal workplace (Doc. 1-4 at

9    8-9; *see also* Doc. 1-4 at 2-5).  To the extent that the amended order of protection contains

10   provisions applying entirely outside the Phoenix VAMC, such provisions could not

11   reasonably be construed to apply against Defendant Kulbeth in her capacity as a federal

12   employee and do not restrict the daily operations of the Phoenix VAMC.  Thus, such

13   provisions do not implicate sovereign immunity or the Supremacy Clause.  To the extent

14   that provisions of the May 31, 2024, amended order of protection at issue do not restrict

15   Defendant Kulbeth's presence, conduct, and/or communications at the Phoenix VAMC,

16   the Court will remand the amended order of protection to the Maricopa County Superior

17   Court.

18           Accordingly,

19           **IT IS HEREBY ORDERED** granting the United States' Motion to Dismiss (Doc.

20   19) and Defendant Kulbeth's joinder in the motion to dismiss (Doc. 21) as stated herein.

21           **IT IS FURTHER ORDERED** vacating the amended order of protection issued on

22   May 31, 2024, in Maricopa County Superior Court case number FN2024-050866 insofar

23   as the terms of the amended order of protection restrain Defendant Kulbeth's presence,

24   conduct, and/or communications at the Phoenix VA Medical Center (also referred to herein

25   as the "Phoenix VAMC").

26           **IT IS FURTHER ORDERED** vacating the amended order of protection issued on

27   May 31, 2024, in Maricopa County Superior Court case number FN2024-050866 enjoining

28   Defendant Kulbeth (1) from having contact with Plaintiff Sweeney at the Phoenix VA

1   Medical Center (also referred to herein as the "Phoenix VAMC") except through attorneys,

2   legal process, and court hearings, and (2) from entering the Phoenix VA Medical Center

3   (also referred to herein as the "Phoenix VAMC") if Plaintiff is present (Doc. 1-4 at 8-9).

4   **IT IS FURTHER ORDERED** directing the Clerk of this Court to remand without

5   delay the remainder of the Maricopa County Superior Court's May 31, 2024, amended

6   order of protection in case number FN2024-050866 back to the Maricopa County Superior

7   Court.

8   **IT IS FURTHER ORDERED** directing the Clerk of this Court to terminate this

9   matter.

10   Dated this 27th day of September, 2024.

11

12   _____

13   Honorable Deborah M. Fine
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28